IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE THEODORE THORNHILL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 07-1731 |
| | ) | Judge Standish |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| JOSEPH J. PIAZZA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Lawrence Theodore Thornhill be dismissed and that a certificate of appealability be denied.

### II. REPORT

Lawrence Theodore Thornhill is a state prisoner incarcerated at the State Correctional Institution at Coal Township, Pennsylvania. Thornhill is serving a sentence of 50 to 100 years imprisonment for his 1999 convictions on several counts of Rape, Involuntary Deviate Sexual Intercourse, Robbery and related offenses perpetrated against three victims between October, 1997 and January, 1998. Key evidence during the non-jury trial included jewelry belonging to the victims that was seized during a search of Thornhill's residence, DNA evidence that linked Thornhill to each of the offenses, and Thornhill's detailed confession to police.

A suppression hearing was held prior to trial with respect to the jewelry and Thornhill's statement to police. After a hearing, the trial court denied the motion to suppress in all respects.

It is not necessary to recount the state court appeals that Thornhill pursued, except to note that he challenged the suppression court's rulings on direct appeal, and counsel's performance in

pursuing suppression on collateral appeal. Thornhill raises the following claims in the instant petition:

1. The Commonwealth failed to provide a sufficient nexus of probable cause in order to obtain a search warrant to search Petitioner's residence.

2. The suppression court erred in holding that the jewelry seized from the Petitioner's residence was admissible under the plain view doctrine.

3. Direct appeal counsel rendered ineffective assistance in failing to raise the issue preserved by trial counsel that the suppression court erred in its decision that the confession was valid.

(Doc. 3, pp. 6-9).

**A. Analysis**

Petitioner's first and second claims challenge the suppression court's rulings that the police had probable cause to search his residence, and that the evidence seized was admissible at trial. These claims fail to state a proper ground for federal habeas corpus relief pursuant to Stone v. Powell, 428 U.S. 465 (1976). In Stone, the United States Supreme Court held that "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 494; see also Wright v. West, 505 U.S. 277, 293 (1992). A habeas petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure. See U.S. ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir.1978); Petillo v. New Jersey, 562 F.2d 903, 906-07 (3d Cir.1977). Conversely, a habeas petitioner has not had a full and fair opportunity to litigate a

Fourth Amendment claim if a structural defect in the state system prevented his claim from being heard. Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir.2002).

Here, Thornhill filed a pre-trial motion in the Court of Common Pleas of Allegheny County seeking to suppress the items seized from him by the police. An evidentiary hearing was held, and the trial court denied his motion. Thornhill also raised his claims on direct appeal, and again challenged the admission of the evidence in a Post Conviction Relief Act (PCRA) petition. As such, Thornhill had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. Whether or not a state court incorrectly decided a petitioner's Fourth Amendment claim is immaterial to the full and fair opportunity analysis. Marshall, 307 F.3d at 82. Accordingly, Thornhill's first and second claims fail to overcome the Stone bar.

Thornhill's final claim -- that appellate counsel rendered ineffective assistance for failing to challenge the voluntariness of his confession on direct appeal -- is not barred by Stone. Further, Petitioner never raised this specific claim in the state courts, which means that there is no ruling on the issue of ineffective assistance of appellate counsel for this Court to review. While this finding could lead to a detailed discussion of exhaustion and procedural default, the Court will simply address the merits of the claim.

Appellate counsel need not raise every possible claim in order to avoid a claim of ineffective assistance. Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). More to the point in this instance, appellate counsel cannot be found ineffective for failing to assert claims that lack merit. See, Diggs v. Owens, 833 F.2d 439, 446 (3d Cir.1987) (appellate counsel did not render ineffective assistance where issues not raised on appeal were without merit).

A suppression hearing was held on May 26 and 27, 1999, and the testimony given during that proceeding was then utilized as the stipulated record for purposes of a non-jury trial.

Detective Logan of the Pittsburgh Police Department testified that he read Thornhill his <u>Miranda</u> rights, and that Thornhill indicated he understood and signed a form to that effect (NT 71-73).[1] Thornhill then gave a detailed description of the offenses, read Detective Logan's notes of the statement, and then signed that document as well (NT 75). Thornhill was taken to get something to eat, and then drove with Detective Logan and pointed out the scenes of the crimes (NT 75). Logan was aware that Thornhill was diabetic, but stated that he appeared "perfectly fine" during the interview (NT 80-81).

Thornhill testified that he suffered an instance of diabetic shock during his interrogation and did not remember being advised of his rights, or signing any documents, although he admitted that the signatures appeared to be his (NT 100-105). He remembered being taken to get something to eat, but did not remember pointing out the houses where the crimes were committed (NT 106).

The Commonwealth presented the testimony of Detective McCarthy in rebuttal. Detective McCarthy is himself a diabetic, and he transported Thornhill to and from the interrogation (NT 114). He noticed no problems, and Thornhill made no complaints (NT 115).

Counsel for Thornhill argued that he was not read his rights prior to questioning, and that the statement given to police was involuntary due to Thornhill's condition during questioning (NT 140-141). These are the precise arguments made by Thornhill in the instant petition. The trial court denied the motion to suppress.

To determine whether a statement was voluntary, a federal habeas court must examine the totality of the circumstances and decide whether the statement was made of petitioner's free will, or through some overbearing of the petitioner's will. <u>Miller v. Fenton</u>, 741 F.2d 1456,

---

[1] Numerals in parentheses preceded by the letters "NT" refer to pages in the Notes of Testimony from May 26-27, 1999.

1465-66 (3d Cir.1984); see Schneckloth v. Bustamonte, 412 U.S. 218 (1973). Here, the suppression court's ruling that the statement was voluntary and admissible is supported by the testimony of Detective Logan, and the signed forms he presented as evidence, as well as the testimony presented by Detective McCarthy. This was a clear case of the court making a credibility determination, and it properly concluded that Thornhill voluntarily spoke with police and, after being informed of his rights, made incriminating statements.

As previously stated, in the context of ineffective assistance of direct appeal counsel, counsel cannot be deemed ineffective for failing to raise a claim that lacks merit. Diggs, supra. Appellate counsel, therefore, did not render ineffective assistance, and Thornhill's claim does not warrant relief.

### B. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Thornhill has not made such a showing, a certificate of appealability should be denied .

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this report and recommendation shall be filed on or before May 11, 2009. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

Dated: April 24, 2009

Cc:
LAWRENCE THEODORE THORNHILL, SR.
FG-8371
1 Kelly Drive
Coal Township, PA 17866